**YU FEN GAO, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General, Respondent.**

No. 08–0140–ag.

United States Court of Appeals, Second Circuit.

Oct. 22, 2008.

Liu Yu, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General; Cindy S. Ferrier, Senior Litigation Counsel; Sunah Lee, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. ROBERT A. KATZMANN, Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Yu Fen Gao, a native and citizen of the People's Republic of China, seeks review of a December 13, 2007 order of the BIA affirming the April 17, 2006 decision of Immigration Judge ("IJ") George Chew, which denied Gao's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yu–Fen Gao,* No. A98 255 900 (B.I.A. Dec. 13, 2007), *aff'g* No. A98 255 900 (Immig. Ct. N.Y. City Apr. 17, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision as if it were the BIA's decision. *See Mei Chai Ye v. U.S. Dep't of Justice,* 489 F.3d 517, 523 (2d Cir.2007). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008). For applications governed by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility determination on an asylum applicant's demeanor, the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether those inconsistencies go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see In re J–Y–C–,* 24 I. & N. Dec. 260, 265 (B.I.A 2007).

We find that the agency's adverse credibility determination was supported by substantial evidence. In particular, the IJ noted that while Gao's initial claim, presented at her airport and credible fear interviews, was based on her affiliation with Falun Gong, her asylum application and testimony were based on her alleged campaign against corrupt officials. The IJ also noted that although Gao initially stated that she was a high school graduate who worked for a company that sold car parts, she later alleged that she was a college graduate who worked for the town government. Gao admitted that she lied in her airport and credible fear interviews, but claimed that she did so at the behest of

smugglers. While applicants should be encouraged to recant false statements, the agency is not required to overlook such falsities in making its ultimate determination. *See Rui Ying Lin v. Gonzales,* 445 F.3d 127, 133 (2d Cir.2006) (discussing the approach of *falsus in uno, falsus in omnibus* (false in one thing, false in everything)).

Beyond her admittedly false statements, the IJ observed that Gao failed to provide any evidence corroborating her claims that: (1) she ever worked for the town government; (2) she traveled to Beijing; (3) she had ever been arrested; or (4) she ever was charged with violating the social order. Gao also failed to provide copies of the anti-corruption leaflets she allegedly distributed. Under the REAL ID Act, these findings provided substantial evidence to support the IJ's conclusion that Gao was not credible under the "totality of the circumstances." *See* 8 U.S.C. § 1158(b)(1)(B)(ii), (iii); *Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 167 (2d Cir.2008) (per curiam).

Because Gao's asylum and withholding of removal claims were based on the same factual predicate, the adverse credibility determination was fatal to both claims. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006). Finally, because Gao has failed to argue sufficiently her CAT claim before this Court, we deem any such arguments waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.